UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X
MARK MADDALONI,

                        Plaintiff,                **REPORT AND RECOMMENDATION**

  -against-                                              19-CV-3146 (RPK) (ST)

PENSION TRUST FUND OF THE PENSION,
HOSPITALIZATION AND BENEFIT PLAN
OF THE ELECTRICAL INDUSTRY and
BOARD OF TRUSTEES OF THE
PENSION TRUST FUND OF THE PENSION,
HOSPITALIZATION AND BENEFIT PLAN
OF THE ELECTRICAL INDUSTRY,

                        Defendants.
------------------------------------------------------------X
**TISCIONE, United States Magistrate Judge:**

      Before the Court is a motion for attorney's fees brought by Mark Maddaloni ('Plaintiff') against Pension Trust Fund of the Pension, Hospitalization and Benefit Plan of the Electrical Industry and the Board of Trustees of the Plan (collectively "Defendants"). Plaintiff, a former union electrician, brought this suit against Defendants claiming Defendants improperly denied his disability pension application. Summary judgment has previously been granted in Plaintiff's favor on that issue, and this motion now follows. For the reasons discussed herein, I recommend that Plaintiff's motion be GRANTED, but that the amount of requested attorneys' fees be reduced in accordance with this Report and Recommendation.

## BACKGROUND

      The Court presumes familiarity with the underlying facts of this case as laid out in Judge Kovner's Memorandum and Order dated January 3, 2023, granting Plaintiff's motion for summary judgment and remanding this action to the Board of Trustees of the Plan (the "Board")

for further proceedings. *See* Memorandum and Order at 17, ECF No. 42. As the underlying facts of this case largely do not affect the Court's analysis on a motion for attorneys' fees, the Court will only briefly summarize them here.

Plaintiff is a former union electrician and participant in the Pension Trust Fund of the Pension, Hospitalization and Benefit Plan of the Electrical Industry (the "Plan"). *Id* at 2. The Plan is an employee benefit plan subject to requirements under The Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. § 1001 *et seq*, that provides disability pensions to individuals who work or used to work as union electricians. *See id*.

Plaintiff was furloughed from qualifying employment under the Plan in December 2003. *Id* at 4. He did not return to work, stating his body was in so much pain he was unable to return. *Id*. He did not, however, apply for worker's compensation or short-term disability benefits. Plaintiff applied for disability benefits through the Social Security Administration (the "SSA") in April of 2004 which was denied approximately a year later. *Id*. A lengthy appeal followed, and in May of 2013, the SSA ruled Plaintiff had been disabled since December of 2003, the day that he last worked a job covered by the Plan. *Id*.

Plaintiff then immediately contacted the Plan about seeking a disability pension under the Plan, which was denied on the grounds that Plaintiff had failed to apply within two years of becoming disabled. *Id*. Plaintiff appealed to the Board, which was denied. *Id*. The Board affirmed the Plan's rationale and further explained that Plaintiff had failed to submit any medical documentation to substantiate his medical condition. *Id* at 5.

Plaintiff then commenced this action arguing that the Board's denial of his disability pension application was arbitrary and capricious. *Id* at 6. This Court agreed and granted Plaintiff's motion for summary judgment. Judge Kovner determined that, as a matter of law, the

two-year time limit imposed by the Plan only applied to individuals who received worker's compensation or disability benefits, which Plaintiff had not. *See id* at 8-12. Furthermore, it was arbitrary and capricious to require Plaintiff to submit substantiating medical documentation because the Board had, since at least 2003, relied exclusively on social security awards to make disability determinations and had not required supplemental documentation. *Id* at 12-16. Judge Kovner then remanded this case back to the Board for further proceedings. *Id* at 17.

Plaintiff now moves this Court to recover reasonable attorneys' fees and costs incurred in litigating this action. Judge Kovner referred the motion to me on January 4, 2023, for a Report and Recommendation.

## DISCUSSION

### I.  Awarding of Attorneys' Fees in ERISA Actions.

Under the "American Rule" attorneys' fees are recoverable when allowed by statute or an enforceable contract providing for such fees. *Summit Valley Indus., Inc. v. United Brotherhood of Carpenters & Joiners*, 456 U.S. 717, 721 (1982); *U.S. Fidelity & Guar. Co. v. Braspetro Oil Servs. Co.*, 369 F.3d 34, 74 (2d. Cir 2004).

ERISA explicitly calls for the awarding of attorney's fees at the court's discretion stating, "[i]n any action . . . by a participant . . ., the court in its discretion may allow a reasonable attorney's fee and costs of action to either party." 29 U.S.C. § 1132(g)(1). This provision is not only intended as a means to allow meritorious parties to recoup some of their costs in litigating an action, "the fee provisions of ERISA . . . encourage beneficiaries to enforce their statutory rights." *Donachie v. Liberty Life Assur. Co.*, 745 F.3d 41, 45-46 (2d Cir. 2014).

The Supreme Court has interpreted ERISA's fee provision to require the moving party to show "some degree of success on the merits." *Hardt v. Reliance Standard Life Ins. Co.*, 560 U.S. 242, 255 (2010). After *Hardt*, the Second Circuit has gone on to explain that "whether a plaintiff has obtained some degree of success on the merits is the sole factor that a court must consider in exercising its discretion. *Donachie*, 745 F.3d at 46.

While some degree of success on the merits is necessary before a court may award attorneys' fees, the court may also, in its discretion, consider the following five *Chambless* factors even after the Supreme Court's decision in *Hardt*. *See Scarangella v. Grp. Health, Inc.*, 731 F.3d 146, 152 (2d Cir. 2013).

> (1) The degree of the offending party's culpability or bad faith, (2) the ability of the offending party to satisfy an award of attorney's fees, (3) whether an award of fees would deter other persons from acting similarly under like circumstances, (4) the relative merits of the parties' positions, and (5) whether the action conferred a common benefit on a group of pension plan participants. *Chambless v. Masters, Mates & Pilots Pension Plan*, 815 F.2d 869, 871 (2d Cir. 1987).

These factors are most often considered to counsel against awarding attorneys' fees against unsuccessful plaintiffs in ERISA actions. *See Toussaint v. JJ Weiser, Inc.*, 648 F.3d 108, 111 (2d Cir. 2011). Because Congress intended the ERISA fee award provision to incentivize beneficiaries to enforce their statutory rights, the *Toussaint* court noted these factors help to prevent a chilling effect on Congress' intent that might come from allowing fee recovery against plaintiffs who bring ERISA suits in good faith but are ultimately unsuccessful. *See id.* It is with this backdrop, that this Court's examines the merits of Plaintiff's motion for attorneys' fees.

## II.    Application.

### a.  *Plaintiff has Demonstrated Some Degree of Success on the Merits.*

The Second Circuit has previously indicated that success on a motion for summary judgment is sufficient to satisfy the "some degree of success on the merits standard." *Toussaint*, 648 F.3d at 111 ("[T]here is no dispute that Defendants achieved both prevailing party status and some degree of success on the merits in this case because the district court granted summary judgment in their favor and we affirmed."). Defendants do not dispute this fact, and instead urge this Court to look to the degree of that success in fashioning a reduction of Plaintiff's requested fees. *See* Def. Opp. Br. at 5, ECF No. 45. I examine the merits of that argument below, but for the purposes of this element, both parties agree that Plaintiff has achieved some degree of success.

      b. *The Chambless Factors are Appropriate in this Case and Weigh in Favor of Plaintiff.*

As discussed above, some degree of success on the merits is the sole determination a court *must* make before awarding attorneys' fees. *Donachie*, 745 F.3d at 46. Indeed, because ERISA's fee provision is intended to encourage plaintiffs to seek to enforce their rights "granting a prevailing plaintiff's request for fees is appropriate absent 'some particular justification for not doing so.'" *Id* at 47 (quoting *Birmingham v. SoGen–Swiss Int'l Corp. Ret. Plan*, 718 F.2d 515, 523 (2d Cir.1983)).

Defendants ask that this Court exercise its discretion and award no fees or a substantially reduced sum of attorneys' fees. Def. Opp. Br. at 5, ECF No. 45. In assessing Defendants' arguments, I am guided by the Second Circuit's ruling that "if a court chooses to consider factors other than a plaintiff's success on the merits in assessing a request for attorneys' fees, *Chambless* still provides the relevant framework in this Circuit, and courts must deploy that useful framework in a manner consistent with our case law." *Donachie*, 745 F.3d at 47. Thus, this Court will examine Defendant's arguments for a reduction in fees through the context of the *Chambless* factors. Upon review, I find the balance weighs in favor of granting attorneys' fees.

First, Defendants argue there is no indication that they have acted in bad faith. *See* Def. Opp. Br. at 6, ECF No. 45. However, the first *Chambless* factor considers either the bad faith or culpability of the offending party, and this Circuit has recognized that bad faith and culpability bear distinct meanings. *Donachie*, 745 F.3d at 47 ("the concepts of 'bad faith' and 'culpability' are distinct). Furthermore, "a finding that the administrators review of the claim was arbitrary and capricious is sufficiently culpable to weigh in favor of granting attorneys' fees." *Valentine v. Aetna Life Ins. Co.*, No. 14-CV-1752 (JFB) (GRB), 2016 WL 4544036, at *5 (E.D.N.Y. Aug. 31, 2016). Because Judge Kovner has previously determined the Board's review of Plaintiff's application was arbitrary and capricious, Defendants are sufficiently culpable to weigh in Plaintiff's favor.

Second, Plaintiff argues Defendants have more than sufficient ability to pay and submits with his briefing copies of the Plan's tax forms showing it had over $4.5 billion in assets in its 2020 filings. Pl. Br. at 5, ECF No 44-1; *see also* ECF No. 44-6 (Defendant's 2020 Schedule H). Defendants offer no objection or otherwise dispute Plaintiff's position on this factor. Accordingly, I find this factor also weighs in Plaintiff's favor.

Third, an attorneys' fee award in this matter would certainly deter similarly situated defendants from engaging in the same kind of arbitrary and capricious review. While Defendants argue that no other plan participant is likely to be in an identical factual scenario as Plaintiff, an award of fees in this case would, as a general matter, "deter administrators from making arbitrary and capricious benefits denials." *Demonchaux v. Unitedhealthcare Oxford*, No. 10-CV-4491 (DAB), 2014 WL 1273772, at 5 (S.D.N.Y. Mar. 27, 2014); *see also* Def. Opp. Br. at 7, ECF No. 45. This is sufficient to weigh in favor of granting fees.

Fourth, is the relative merits of the parties' positions. Defendant makes no argument as to this factor, but Judge Kovner's previous memorandum and order makes this issue simple to

determine. As Judge Kovner previously determined, Plaintiff's claim that the Board acted arbitrarily and capriciously was meritorious and Plaintiff's motion for summary judgment was granted in that regard. Defendant's cross-motion was denied. Thus, the relative merits favor Plaintiff in this case.

Lastly, Defendants argue no benefit has been conferred to a group of plan participants because, in their view, there are likely to be few or zero additional participants similarly situated to Plaintiff. Def. Opp. Br. at 7, ECF No. 45. Putting aside that Defendants have offered no evidence to support this argument, Defendants argument is ultimately unpersuasive as other plan participants need not be in an identical factual situation in order to enjoy the benefit of Plaintiff's action. Awarding attorneys' fees "serve a purpose in encouraging [plans] to modify [their] procedures for the better. Better procedure would, in turn, affect review of all participants' claims for benefits under the Plan." *Marasco v. Bridgestone/Firestone, Inc.*, No. 02-CV-6257, 2006 WL 354980, at *8 (E.D.N.Y. Feb. 15, 2006). Regardless of whether additional participants are in the exact position as Plaintiff, all participants will enjoy the benefit of a Plan that is unlikely to continue to act in an arbitrary and capricious manner by applying plan terms incorrectly. Thus, each factor in this case weighs in favor of awarding attorneys' fees.

    *c. Plaintiff's Requested Attorney's Fees are Excessive and Should be Reduced.*

Having determined attorneys' fees are appropriate in this case, this Court must now determine the reasonable sum to be awarded. The Second Circuit utilizes the lodestar method to determine the reasonableness of requested attorney's fees. Reasonable fees are "the product of a reasonable hourly rate and the reasonable number of hours required by the case. *Millea v. Metro-N R.R. Co.*, 658 F.3d 154, 166 (2d Cir. 2011) (quoting *Arbor Hill Concerned Citizens Neighborhood Ass'n v. City of Albany*, 522 F.3d 182, 183 (2d Cir. 2007)). The resulting figure of

a reasonable rate and reasonable number of hours is the "lodestar" figure against which Plaintiff's requested amount is judged. *See Frommert v. Conkright*, 223 F.Supp.3s 140, 149 (W.D.N.Y. 2016). Plaintiff seeks a total amount of $212,574.17. This total is reached based on a total of 387.2 hours worked at rates ranging from $200 - $895 per hour[1].

i. Reasonableness of Hours Worked

"An application for attorney's fees must be supported by accurate, detailed, and contemporaneous time records." *Eastern Savings Bank, FSB v. Robinson,* No. 13-CV-7308, 2016 WL 3365091, at *9 (E.D.N.Y. May 9, 2016) (quoting *La Barbera v. ASTC Labs, Inc.*, 752 F. Supp. 2d 263, 277 (E.D.N.Y. 2010)) (internal quotations omitted). Even when supported by such documentation "hours that were excessive, redundant, or otherwise unnecessary to the litigation" are not recoverable. Id at *10 (quoting *Cho v. Koam Med. Servs. P.C.*, 524 F. Supp. 2d 202, 237 (2d Cir. 1987)) (internal quotations omitted).

Also relevant to this inquiry is the extent of Plaintiff's success in litigating his claim. Defendants urge this Court to reduce Plaintiff's award because Plaintiff only succeeded on his summary judgment claim under one of two separate legal theories. Def. Opp. Br. 5-6, ECF No. 45. It is true that "[w]here [a] plaintiff has failed to prevail on a claim that is distinct in all respects from his successful claims, the hours spent on the unsuccessful claim should be excluded in considering the amount of a reasonable fee." *Hensely v. Eckerhart*, 461 U.S. 424, 440 (1983). However, this does not apply in an instance "[w]here a lawsuit consists of related claims." *Id*. Plaintiff's two theories presented in his motion for summary judgment are

---

[1] Elsewhere Plaintiff's hours calculations include time billed by paralegals and non-attorney support staff. However, Plaintiff did not include this time in reaching its requested figure. Jara Decl. at ¶ 11, ECF No. 44-2. Thus, the Court declines to include this time.

undeniably related as they both arise under the same set of facts. Thus, reduction for this reason is inappropriate.

Defendant further argues that because Judge Kovner remanded this matter back to the Board for further consideration rather than outright grant Plaintiff's request for pension benefits and retroactive payments, that his degree of success was minimal. Def. Opp. Br. at 5, ECF No. 45. However, remand is "the often-used procedural remedy" in cases such as this. *Scarangella v. Group Health, Inc.*, 731 F.3d 146, 151 (2d Cir. 2013). A federal court reviews the determinations of plan administrators "under an arbitrary and capricious standard of review." *In re DeRogatis*, 904 F.3d 174, 187 (2d Cir. 2018). This standard is "highly deferential" to the plan administrator, *Halberg v. United Behavioral Health*, 408 F. Supp. 3d 118, 141 (E.D.N.Y. 2019), and so Judge Kovner's decision to employ a common procedural remedy does not reflect on the merits of Plaintiff's claim. In fact, that Plaintiff succeeded given a standard that highly favors Defendants is indicative of the relative merits of this case.

Defendants also argue that, putting aside the extent of Plaintiff's success on the merits, the number of hours spent on this case is excessive. On this, the Court agrees. First and foremost, the time records submitted with Plaintiff's motion reflect a clear failure to delegate tasks to more junior attorneys. Of the time spent on this matter 379.7 hours were billed by counsel or partners. Jara Decl. at ¶ 8, ECF No. 44-2. Comparatively, just 8.5 hours were billed by associates. Counsel and partners in this matter "billed for doing legal research . . . assembling documents . . . and . . . searching for a court form." Def. Opp. Br. at 10, ECF No. 45. Some of these tasks should not even have been handled by an attorney, and certainly they need not be handled—and billed—by the most senior and expensive members of the litigation team. *See Winkle v. Metropolitan Life Ins. Co.*, No. 03-CV-9656, 2006 WL 2347826, at *2 (S.D.N.Y. Aug. 10, 2006) (reducing hours

billed because "none of the work was delegated to [an] associate). Counsel's firm is not small, it employs over 950 attorneys. Jara Decl. at ¶ 3, ECF No. 44-2. Plaintiff offers no explanation for its failure to delegate, and it certainly does not appear from Mr. Jara's declaration that the firm is lacking in junior attorneys.

Furthermore, Plaintiff's submitted hours are excessive not only in distribution, but also in total amount. Defendants point to Mr. Jara, Plaintiff's second lead counsel who took lead of the case after the motion for summary judgment was filed and all that remained was an oral argument on the motion and a mediation session. Def. Br. at 11, ECF No. 45; *see also* ECF No. 36 (Mr. Jara's notice of appearance). Despite this, Mr. Jara billed 137.2 hours to this matter, a strikingly close number to Plaintiff's previous lead counsel who billed 189.5 hours since this matter's inception. *Id*. In response, Plaintiff explains that Mr. Jara did reduce his hours in August, September, and October to reflect his coming up to speed on the case, which resulted in a 32-hour reduction. Pl. Reply Br. at 10, ECF No. 48. However, even in light of this reduction, Plaintiff's hours remain excessive in light of the stage at which Mr. Jara joined the litigation.

"A percentage reduction is 'a practical means of trimming fat from a fee application' and is a permissible way of reducing a fee award." *Caban v. Employee Security Fund of the Electrical Products Industries Pension Plan*, No. 10-CV-389 (SMG), 2015 WL 7454601, at *8 (E.D.N.Y. Nov. 23, 2015). In cases involving excessive hours, reasonable reductions range from 20% to 35%. *Id*. Considering the stark failure to delegate appropriately in this case, I recommend a 33% reduction in hours across the board. Plaintiff's requested hours should therefore be reduced by 127.776 hours, leaving a total of 259.424 hours.

ii.      Reasonableness of Hourly Rate.

To determine whether an hourly rate is reasonable, "a district court should generally use the prevailing hourly rates in the district where it sits." *Joseph v. HDMJ Rest., Inc.*, 970 F. Supp. 2d 131, 155 (E.D.N.Y. 2013). "Courts in the Eastern District of New York award hourly rates ranging from $200 to $450 per hour for partners, $100 to $300 per hour for associates, and $70 to $100 per hour for paralegals." *Robinson*, No. 13-CV-7308, 2016 WL 3365091, at *8

Plaintiff points to language from this Circuit that "there is good reason for a district court not to be wed to the rates in its own community. If they are lower than those in another district, skilled lawyers from such other district will be dissuaded from taking meritorious cases in the district with lower rates." *A.R. v. New York City Dept. of Educ.*, 407 F.3d 65, 81 (2d Cir. 2005).

However, Plaintiff fails to grapple with the actual weight of this statement. Far from an explicit holding in the case, the Second Circuit went on to explain that "we need not arrive at a crisp rule that a district court must employ to make [the] determination" of whether to apply in district or out-of-district rates when awarding attorneys' fees. *Id*. Instead, the Second Circuit determined that "the district court has discretion . . . to determine the relevant community for calculating attorneys' fees where the case was not commenced and litigated in a single federal district." *Id*. Thus, *A.R.*, does not stand for the premise that a district court may unilaterally decide to apply an out-of-district rate but rather that the court may, in its discretion, look to any district in which the litigation took place in determining a reasonable rate. In this case, the only district relevant to this litigation, is the Eastern District.

In a case where litigation took place in a single district, Second Circuit case law allows for the use of an out-of-district hourly rate in setting a presumptively reasonable rate only "if it is clear that a reasonable, paying client would have paid those higher rates." *Arbor Hill Concerned Citizens*

- 11 -

*Neighborhood Ass'n v. County of Albany*, 522 F.3d 182, 191 (2d Cir. 2010). However, it is presumed "that a reasonable, paying client would in most cases hire counsel from within his district, or at least counsel whose rates are consistent with those charged locally. This presumption may be rebutted—albeit only in the unusual case. . .." *Id*.

One such unusual case that may rebut this presumption, is in cases involving highly specialized and complex areas of law. ERISA is a "highly specialized area[] of law" and in such cases "the relevant legal community is national in scope." *Frommert*, 223 F.Supp.3d at 151. This rule exists because of difficulties that may arise in finding a local attorney to represent a plaintiff on a highly specialized matter such as an ERISA claim. *See id* at 150 (noting "no lawyers from the Western District of New York have ever been willing to take on this litigation" in applying out-of-district rate). It is therefore reasonable in this case, in light of the specialized nature of ERISA litigation, to apply the out-of-district rate requested by Plaintiff, which is the rate typical in the Southern District of New York. *See Arbor Hill Concerned Citizens Neighborhood Ass'n*, 522 F.3d at 191 (citing *Rum Creek Coal Sales, Inc. v. Caperton*, 31 F.3d 169, 175 (4th Cir.1994) ("In circumstances where it is reasonable to retain attorneys from other communities.... the rates in those communities may also be considered.")).

In the Southern District, courts have awarded fees in the range of "$600 per hour for partners with approximately twenty years of experience in ERISA litigation, . . . awarded rates for associates with approximately five years of experience . . . between $250 and $350, . . . [and] with regard to paralegals and non-attorney personnel, this district typically awards rates not to exceed $200 per hour." *Dimopoulou v. First Unum Life Insurance Company*, No. 13-CV-7159 (ALC), 2017 WL 464430, at *3 (S.D.N.Y. Feb. 3, 2017). Thus, a presumptively reasonable rate lies within these ranges.

To determine the precise rate within local ranges, a court may consider "the complexity and difficulty of the case . . .." *Cabrera v. Schafer*, No. 12-CV-6323 (ADS) (AKT), 2017 WL 9512409, at *1 (E.D.N.Y. Feb. 17, 2017), *report and recommendation adopted*, 2017 WL 1162183 (E.D.N.Y. Mar. 27, 2017). While ERISA is a niche and highly specialized field—and Plaintiff was therefore justified in seeking the assistance of specialized attorneys in litigating his claim against a plan subject to ERISA—this case is relatively simple as compared to other ERISA matters. As Defendants point out, and as Judge Kovner's memorandum and order shows, this case was ultimately decided on a straightforward application of contract law. Thus, a reduction in rate is warranted in this instance. *See Caban v. Employee Security Fund of the Electrical Products Industries Pension Plan*, No. 10-CV-389 (SMG), 2015 WL 7454601, at *6 (E.D.N.Y. Nov. 23, 2015) (reducing hourly rate because case "was not so complicated as to warrant" the requested rate). Accordingly, I recommend a presumptively reasonable rate for this matter of $600 per hour for partner and counsel work, $250 for associates, and $150 for paralegal and non-attorney personnel.

Because Plaintiff's requested rates are uniformly above these presumptively reasonable rates, I further recommend that the rates be reduced according to the above. Applying the reasonable rates to Plaintiff's reduced hours as detailed above yields the following:

| Plaintiff's Reduced Attorneys' Fees Breakdown | | | | |
|---|---|---|---|---|
| Professional | Position | Reasonable Rate | Reduced Hours | Total |
| José M. Jara | Counsel | $600 | 91.924 | $55,154.40 |
| Brian D. Sullivan | Counsel | $600 | 126.965 | $76,179.00 |
| Neil A. Capobianco | Partner | $600 | 8.04 | $4,824.00 |
| Harvey M. Katz | Partner | $600 | 24.522 | $15,115.20 |

| Elizabeth C. Viele | Partner | $600 | 2.278 | $1,366.80 |
| --- | --- | --- | --- | --- |
| Terry A. Lang | Associate | $250 | 5.561 | $1,390.25 |
| Justin Schwam | Associate | $250 | 0.134 | $33.50 |
| | | | | $153,661.15 |

Accordingly, the Court recommends Plaintiff be awarded a sum of $153,661.15.

> d. *Plaintiff's Request to Recover Attorneys' Fees Incurred in Preparation of this Motion Should be Denied.*

Plaintiff requests reasonable fees for the 35 attorney hours allegedly required to brief this motion for attorneys' fees. "It is settled that the time spent on a fee application is itself compensable" *Reiter v. Metro. Transp. Auth. Of State of New York,* No. 01-CV-2762 (GWG), 2007 WL 2775144, at *18 (S.D.N.Y. Sept. 25, 2007). "The exercise of discretion, however, gives the district judge great leeway. If the fee claims are exorbitant or the time devoted to presenting them is unnecessarily high, the judge may refuse further compensation or grant it sparingly." *Gagne v. Maher*, 594 F.2d 336, 344 (2d Cir. 1979).

Plaintiff has not presented sufficient evidence to allow this court to determine whether the time alleged is reasonable or exorbitant.[2] Plaintiff asserts these hours in his briefing, but there is no mention of time spent preparing this motion in Mr. Jara's sworn declaration. Furthermore, Plaintiff's time records stop well short of the period in which this motion was prepared. Thus, not only has Plaintiff presented no evidence in support of this request, but also the Court has no means of determining what rate should be applied to the alleged hours worked because Plaintiff has not

---

[2] Plaintiff has also submitted a bill of costs. *See* ECF No. 47. Plaintiff has not, however, made a request to recover those costs in any of the briefing or supporting materials submitted. Without a formal request from Plaintiff to do so, the Court declines to consider Plaintiff's bill of costs.

- 14 -

indicated which attorneys actually prepared this motion. Accordingly, Plaintiff's request should be denied.

## CONCLUSION

For the reasons set forth above, this Court recommends that Plaintiff's motion be GRANTED, and that attorneys' fees be awarded in the amount of $153,661.15.

## OBJECTIONS TO THIS REPORT AND RECOMMENDATION

Pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b)(2) of the Federal Rules of Civil Procedure, the parties shall have fourteen (14) days from service of this Report and Recommendation to file written objections. Failure to file timely objections shall constitute a waiver of those objections both in the District Court and on later appeal to the United States Court of Appeals. *See Marcella v. Capital Dist. Physicians' Health Plan, Inc.*, 293 F.3d 42, 46 (2d Cir. 2002); *Small v. Sec'y of Health & Human Servs.*, 892 F.2d 15, 16 (2d Cir. 1989); *see also Thomas v. Arn*, 474 U.S. 140 (1985).

**SO ORDERED.**

                                                     /s/
                                       Steven L. Tiscione
                                       United States Magistrate Judge
                                       Eastern District of New York

Dated: Central Islip, New York
        September 1, 2023