UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
--------------------------------------------------------x
MARK MADDALONI,

                Plaintiff,

   -against-

PENSION TRUST FUND OF THE
PENSION, HOSPITALIZATION AND
BENEFIT PLAN OF THE ELECTRICAL
INDUSTRY; and BOARD OF TRUSTEES
OF THE PENSION TRUST FUND OF
THE PENSION, HOSPITALIZATION
AND BENEFIT PLAN OF THE
ELECTRICAL INDUSTRY,

               Defendants.
---------------------------------------------------------x

**MEMORANDUM & ORDER**
19-cv-3146 (RPK) (ST)

RACHEL P. KOVNER, United States District Judge:

      Plaintiff Mark Maddaloni filed this lawsuit against the Pension Trust Fund of the Pension, Hospitalization and Benefit Plan of the Electrical Industry (the "Plan"), and the Board of Trustees of the Plan (the "Board") under the Employment Retirement Income Security Act of 1974, 29 U.S.C. § 1001 et seq. ("ERISA"), claiming defendants improperly denied his application for a disability pension. *See* Compl. (Dkt. #1). After discovery, parties cross-moved for summary judgment. (Dkts. #27, 29). On January 3, 2023, I denied defendants' motion for summary judgment and granted plaintiff's cross-motion for summary judgment. Mem. & Order (Dkt. #42). Plaintiff then filed a motion for attorneys' fees (Dkt. #44), which defendants oppose (Dkt. #45). In a report and recommendation ("R. & R.") issued on September 1, 2023, Magistrate Judge Tiscione recommended I grant in part plaintiff's motion for attorneys' fees in the amount of $153,661.15. R. & R. 15 (Dkt. #50). Both parties then filed timely objections to the R. & R.

1

(Dkts. #51, 52), and responses to those objections (Dkts. #53, 54). For the reasons explained below, I adopt Judge Tiscione's R. & R. in part, and grant plaintiff attorneys' fees of $120,560.47.

## STANDARD OF REVIEW

A district court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). Those parts of a magistrate judge's R. & R. to which a party has timely objected are reviewed *de novo*. *Ibid*.; Fed. R. Civ. P. 72(b)(3). Portions to which no party has objected are reviewed only for "clear error." *Alvarez Sosa v. Barr*, 369 F. Supp. 3d 492, 497 (E.D.N.Y. 2019) (citing Fed. R. Civ. P. 72(b); *Spence v. Superintendent, Great Meadow Corr. Facility*, 219 F.3d 162, 174 (2d Cir. 2000)). Clear error will only be found when, upon review of the entire record, the Court is "left with the definite and firm conviction that a mistake has been committed." *United States v. Snow*, 462 F.3d 55, 72 (2d Cir. 2006) (quoting *United States v. Garcia*, 413 F.3d 201, 222 (2d Cir. 2005)).

## DISCUSSION

I adopt Judge Tiscione's R. & R. in part, and award plaintiff's attorneys $120,560.47 in fees.

**I.      Reasonable Hourly Rate**

Defendants principally argue that Judge Tiscione set excessive hourly rates in calculating the reasonable attorneys' fees. Defs.' Objs. to R. & R. 1. Judge Tiscione, applying the Southern District of New York ("SDNY") hourly rates, granted hourly rates of $600 for José Jara, Brian Sullivan, Neil Capobianco, Harvey Katz, and Elizabeth Viele; and $250 for Terry Lang and Justin Schwam. R. & R. 13–14. On *de novo* review, I find that the Eastern District of New York ("EDNY") hourly rates should apply instead, and accordingly adjust the reasonable hourly rates

2

to $420 for Messrs. Capobianco, Katz, and Sullivan; $400 for Ms. Viele and Mr. Jara; and $250 for Messrs. Lang and Schwam.

In calculating reasonable attorneys' fees, district courts typically apply the forum rule, using "hourly rates employed in the district in which the reviewing court sits." *Simmons v. New York City Transit Auth.*, 575 F.3d 170, 174 (2d Cir. 2009) (internal quotation marks and citation omitted). The presumption in favor of the forum rule may be rebutted only in the "unusual case," where "it is clear that a reasonable, paying client would have paid those higher rates." *Arbor Hill Concerned Citizens Neighborhood Ass'n v. County of Albany*, 522 F.3d 182, 191 (2d Cir. 2010). The Second Circuit has emphasized that a party seeking out-of-district fees must make a "particularized showing" that "the use of in-district counsel would [have] produce[d] a substantially inferior result." *Simmons*, 575 F.3d at 176. A party may make this showing by establishing, for example, that in-district attorneys were unable or unwilling to take the case, or that no in-district attorneys possessed the requisite expertise to handle the case. *Ibid*.

This is not an "unusual case." Nor does plaintiff claim that it is. Rather, plaintiff only makes general assertions that the "ERISA benefits community is generally known as a small and highly specialized area of practice that can be extremely complex," Mem. in Supp. of Mot. for Attorney's Fees 8, and that "very few attorneys venture to practice ERISA and it is considered a niche recognized on a national scale and should command a higher hourly rate," *id*. at 9. Courts in this Circuit routinely find such arguments insufficient to rebut the presumption in favor of the forum rule. *See, e.g.*, *Kindle v. Dejana*, 308 F. Supp. 3d 698, 711 n.6 (E.D.N.Y. 2018) (rejecting the argument that higher rates are justified because "the relevant legal community [for prosecuting ERISA class action cases] is national in scope"); *Severstal Wheeling, Inc. v. WPN Corp.*, No. 10-CV-954 (LTS) (GWG), 2016 WL 1611501, at *4 n.4 (S.D.N.Y. Apr. 21, 2016) ("Plaintiffs suggest

3

that, because the standard for ERISA is a national one, the Court should consider the rates charged by lawyers from around the country handling ERISA cases. The Court rejects this suggestion in light of the forum rule articulated by the Second Circuit.").

Accordingly, the usual forum rule applies here. In the Eastern District of New York, typical hourly fees in the ERISA context are "$300 to $450 per hour for partners, $200 to $300 per hour for senior associates, $100 to $200 per hour for junior associates, and $70 to $100 per hour for paralegals." *Ret. Fund of Local 1482 Paint & Allied Prods. Mfrs. v. N. Adhesives, Inc.*, No. 19-CV-5609 (MKB) (RER), 2020 WL 6370060, at *4 (E.D.N.Y. May 27, 2020). Considering the experience levels of the attorneys involved, I find that $420 per hour is a reasonable rate for partners Neil Capobianco and Harvey Katz, and of counsel Brian Sullivan. *See, e.g.*, *Ferrara v. Happy Time Trucking LLC*, No. 17-CV-7450 (GRB) (AKT), 2020 WL 13159036, at *9 (E.D.N.Y. Oct. 28, 2020) (granting $400 hourly rates in 2020 to partners with similar levels of experience in an ERISA case), *report and recommendation adopted*, Order dated Nov. 19, 2020. Because partner Elizbeth Viele and of counsel José Jara have comparatively less experience, *see* Jara Decl. ¶ 6 (Dkt. #44-2), $400 per hour is a more reasonable rate for them, *see Ferrara*, 2020 WL 13159036, at *9 (granting $390 hourly rates to partners with comparable experience); *Trustees of Loc. 813 Pension Tr. Fund v. Rizzo Env't Servs. Corp.*, No. 19-CV-6622 (RPK) (CLP), 2020 WL 7249289, at *7 (E.D.N.Y. Oct. 31, 2020), *report and recommendation adopted*, 2020 WL 7021595 (E.D.N.Y. Nov. 30, 2020) (granting $400 hourly rate for a partner with ten years of ERISA litigation experience). $250 is a reasonable hourly rate for associates Terry Lang and Justin Schwam. *See, e.g.*, *Trustees of Leather Goods, Handbags, & Novelty Workers' Union Loc. 1 Joint Ret. Fund v. Cent. Fur Storage Co.*, No. 18-CV-7224 (AMD) (RER), 2019 WL 3937132, at *12

(E.D.N.Y. Aug. 2, 2019), *report and recommendation adopted*, 2019 WL 3936676 (E.D.N.Y. Aug. 20, 2019).

## II.     Reasonable Hours Expended

The R. & R. recommended reducing the reasonable hours expended by 33%. R. & R. 10. Neither party objected. Having found no clear error, I adopt the R. & R.'s across-the-board percentage reduction.

Defendants, however, seek an additional reduction for plaintiff's lack of success on his equitable estoppel claim. Defs.' Objs. to R. & R. 6. Applying *de novo* review, I affirm Judge Tiscione's conclusion that a departure from the lodestar due to lack of success is not warranted here.

"When a plaintiff has achieved partial success but 'the plaintiff's claims involve a common core of facts or are based on related legal theories and are therefore not severable, attorney's fees may be awarded for [work done on] unsuccessful claims as well as successful ones.'" *Raja v. Burns*, 43 F.4th 80, 88 (2d Cir. 2022) (quoting *Green v. Torres*, 361 F.3d 96, 98 (2d Cir. 2004)); *see Lunday v. City of Albany*, 42 F.3d 131, 134 (2d Cir. 1994) ("So long as the plaintiff's unsuccessful claims are not 'wholly unrelated' to the plaintiff's successful claims, hours spent on the unsuccessful claims need not be excluded from the [reasonable fee] amount."). The Supreme Court has also counseled that district courts "should focus on the significance of the overall relief obtained by the plaintiff in relation to the hours reasonably expended on the litigation." *Hensely v. Eckerhart*, 461 U.S. 424, 435 (1983). Thus, "[l]itigants in good faith may raise alternative legal grounds for a desired outcome, and the court's rejection of or failure to reach certain grounds is not a sufficient reason for reducing a fee. The result is what matters." *Ibid*.

Here, the two claims were not so wholly unrelated as to preclude compensation for the hours expended on the equitable estoppel claim. The contract claim and the equitable estoppel

5

claim both revolved around the same common core of facts, namely the denial of plaintiff's pension application by the Board. *See generally* Compl. The two claims were alternative legal grounds for the same desired outcome: the reversal of the Board's decision to deny the pension application. *Id*. at 11. And while plaintiff voluntarily dropped his equitable estoppel claim, Pl.'s Mem. in Supp. of Cross-Mot. for Summ. J. 8, n.2, he was successful in obtaining the ultimate outcome he sought under his first cause of action. *See* Mem. & Order 17.

I accordingly affirm Judge Tiscione's determination that a lack-of-success reduction is not warranted here.

### III.    Fee Application Award

The R. & R. recommended denying attorneys' fees that cover time spent preparing this motion because plaintiff did not provide any time records to support the approximately 35 hours billed. R. & R. 14. In his objection, plaintiff provides another sworn declaration from Mr. Jara as well as billing records to support the request for attorneys' fees cover the time billed preparing this motion. Sec. Jara Decl. (Dkt. #52-1). Defendants have not objected to consideration of these supplemental materials, but they argue that that the request is "excessive," because the attorneys' proposed hourly rates are too high; senior attorneys performed almost all the work on the application; and too many hours were spent on the project. Defs.' Resp. to Pl.'s Objs. to R. & R. 2–3.

District courts evaluate the hours expended on a fee application "in the same manner as the costs of litigating the case." *John v. Demaio*, No. 15-CV-6094 (NGG) (CLP), 2016 WL 7469862, at *11 (E.D.N.Y. Mar. 18, 2019) (citing *Valley Disposal, Inc. v. Central Vt. Solid Waste Mgmt. Dist.*, 71 F.3d 1053, 1059 (2d Cir. 1995)). I determine that the same hourly rates discussed above for Messrs. Capobianco, Katz, and Jara are appropriate for those attorneys' work on the fee application. *See* p. 4; *Costa v. Sears Home Improvement Prod., Inc.*, 212 F. Supp. 3d 412, 427

6

(W.D.N.Y. 2016) (awarding fees for time spent preparing the supplemental fee motion but reducing hourly rate requested to be the same as those the court awarded for the litigation). I further find that $100 per hour is a reasonable rate for paralegal Robert Gee. Finally, I reduce the hours expended by 33% across the board because plaintiff's attorneys again evince a "clear failure to delegate tasks to more junior attorneys." R. & R. 9; see, e.g., Caban, 2015 WL 7454601, at *8 (reducing hours spent on the fee application by 33% "in particular because a fee application is the type of work typically assigned to a junior associate attorney with the assistance of a paralegal.").

IV. Final Calculation

Applying the reasonable rates and hours expended discussed above yields the following:

| Attorney | Reasonable Rate | Hours (Billed) | Hours (Reduced) | Reasonable Fees |
|---|---|---|---|---|
| Neil Capobianco | $420.00 | 12 | 8.04 | $3,376.80 |
| Harvey Katz | $420.00 | 36.6 | 24.522 | $10,299.24 |
| Brian Sullivan | $420.00 | 189.5 | 126.965 | $53,325.30 |
| Elizabeth Viele | $400.00 | 3.4 | 2.278 | $911.20 |
| José Jara | $400.00 | 137.2 | 91.924 | $36,769.60 |
| Terry Lang | $250.00 | 8.3 | 5.561 | $1,390.25 |
| Justin Schwam | $250.00 | 0.2 | 0.134 | $33.50 |
| Total: | | | | $106,105.89 |

In addition, I apply the above rates and a 33% reduction to the fees requested for preparing this fee application, resulting in the following fees:

| Attorney | Reasonable Rate | Hours (Billed) | Hours (Reduced) | Reasonable Fees |
|---|---|---|---|---|
| Neil Capobianco | $420.00 | 20.9 | 14.003 | $5,881.26 |
| Harvey Katz | $420.00 | 2.3 | 1.541 | $647.22 |
| José Jara | $400.00 | 29.5 | 19.765 | $7,906.00 |
| Robert Gee | $100.00 | 0.3 | 0.201 | $20.10 |
| Total: | | | | $14,454.58 |

Accordingly, the total reasonable fees in this case are $120,560.47.

## CONCLUSION

Judge Tiscione's R. & R. is adopted in part, and plaintiff's attorneys are awarded $120,560.47 in attorneys' fees.

SO ORDERED.

                                                    */s/ Rachel Kovner*
                                                    RACHEL P. KOVNER
                                                    United States District Judge

Dated: October 4, 2023
       Brooklyn, New York